CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 SEP 29 PM 1:01
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FERNANDO RAMOS BUENO, | § | |
| Petitioner, | § | |
| v. | § | 2:16-CV-0133 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Came for consideration the above-entitled motion filed by petitioner FERNANDO RAMOS BUENO. By his motion, petitioner challenges his 120-month sentence arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). For the reasons set forth below, petitioner's motion is time-barred and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On August 10, 2011, petitioner pled guilty to the felony offense of drug trafficking in violation of 21 U.S.C. § 841(a)(1). A Presentence Report (PSR)[1] prepared in the case assessed four (4) Criminal History Category points for two (2) prior convictions where sentences of

---

[1] The November 1, 2010 edition of the United States Sentencing Guidelines was utilized in preparing the PSR.

imprisonment of at least sixty days were assessed,[2] and one (1) Criminal History Category point for a prior conviction where a sentence was assessed that did not result in imprisonment and was not previously counted.[3] Petitioner was not sentenced under the Armed Career Criminal Act (ACCA), nor was he sentenced as a career offender for "crimes of violence" under the federal sentencing guidelines. On October 25, 2011, the United States District Judge sentenced petitioner to a term of 120 months imprisonment, the statutory minimum sentence which was below the advisory guideline range of 135 to 168 months, and Judgment was entered.

Defendant did not directly appeal his conviction to the United States Court of Appeals for the Fifth Circuit. Consequently, defendant's judgment of conviction became final on November 8, 2011 upon the expiration of time to seek direct appellate review. *See* Fed.R.App.Proc. 4(b)(1)(A)(I). The one-year statute of limitations thus began to run on November 9, 2011, making defendant's motion to set aside, vacate or correct his sentence due to be filed on or before November 9, 2012. On June 26, 2016, defendant placed the instant motion in the prison mailing system, such petition being received and filed of record on June 29, 2016. Defendant's motion, treated as filed June 26, 2016, was filed well over one (1) year after his conviction became final. Therefore, defendant's motion to set aside, vacate or correct his sentence is untimely and should be dismissed.

II.
DEFENDANT'S ALLEGATION

To the extent defendant argues *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551,

---

[2] A 4-month sentence for Possession of a Fictitious Driver's License, and a 90-day sentence for Improper Entry by an Alien.

[3] An 18-month probated sentence for Solicitation to Commit Misconduct Involving Weapons.

192 L.Ed.2d 569 (2015) applies to his case, that his limitations period should be extended and that he is entitled to relief, his claim is without merit.[4]

As set out above, defendant was not sentenced under the residual clause of the ACCA. Defendant's reliance on *Johnson* is misplaced. *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. June 17, 2016). It is the opinion of the undersigned that respondent is correct and that *Johnson* is not applicable to defendant's case.

Defendant's challenge is a challenge to the USSG guidelines applied to his case at sentencing. The Supreme Court has found, in analyzing *Johnson* challenges, the USSG guidelines "are not amenable to a vagueness challenge" under *Johnson*, despite a similarity in the language used in the "residual clauses" of the USSG guidelines and the ACCA. *See Beckles v. United States*, ____ U.S. ____, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017). This is because the guidelines, and their applications to a defendant's sentence by a District Judge, are discretionary, not mandatory. *Id.* Therefore, even if defendant's claim was not time barred, it would not be cognizable under § 2255.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner FERNANDO RAMOS BUENO be, in all things, DISMISSED.

IV.

---

[4] The Supreme Court has since held that the holding of *Johnson* is retroactive on collateral review in Armed Career Criminal Act (ACCA) cases. *See Welch v. United States*, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).